PENACHIO MALARA LLP
235 Main Street
White Plains, NY 10601
(914) 946-2889

Anne Penachio, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X

In re                                                                         :  CHAPTER 11

    ARMONK SNACK MART, INC.,                              :
    FDBA FRIENDLY SERVICE ARMONK, INC.,
    FDBA FRIENDLY SERVICE NEW ROCHELLE, INC.    :  CASE NO.:        (RDD)

                      Debtor.                                     :

------------------------------------------------X

### AFFIRMATION PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

      **SAMMY El JAMAL,** hereby affirms as follows:

      1.    I am the Chief Executive Officer of ARMONK SNACK MART, INC., a New York Corporation (the "Debtor").    I submit this affirmation pursuant to Federal Rule of Bankruptcy Procedure 1007(d) and Local Bankruptcy Rule 1007-2.

      2.    The Debtor is in the business primarily of owning and managing a gasoline service station and convenience store located at 360 Main Street, Armonk, New York (the "Premises").

      3.    The Debtor has generally been a financially strong entity.    Its current financial predicament was caused by a dispute with its landlord, Robert Porpora Realty (the "Landlord") and Majed Nesheiwet, an unscrupulous former gasoline supplier ("Nesheiwet"). Porpora and Nesheiwat have conspired to undermine improperly the Debtor's business interests

for their own financial gain.   In furtherance of his attempts to seize control of the Debtor's business, Neshweiwet acquired the mortgage on the Premises.   The Debtor has commenced an action against Porpora, Nesheiwat and others in New York State Supreme Court to address their tortious conduct.

4.  Backed by Nesheiwat, the Landlord is pursuing an eviction action against the Debtor in the Justice Court of New Castle on an expedited basis.   In support of its position, the Landlord asserts that the Debtor failed to renew its lease.   Although the Debtor, which has faithfully paid its obligations to the Landlord, has viable defenses, the threat of immediate eviction by the local court has imperiled its business and its ability to meet its obligations to creditors.

5.  The Debtor, who purchased the business from Mr. Porpora in or about 2002, has invested considerable funds into its business.   The Debtor has at least 5 employees who depend on its operations and will be placed in a precarious financial position in the event of eviction.

6.  The Debtor believes that it will ultimately prevail in its action against Porpora and Nesheiwet who are, in sum and substance, attempting to "highjack" its business for their own gain and to the detriment of the Debtor and its creditors.

7.  The Debtor invoked the protection of this Court to permit it to focus on its business, address the Landlord's allegations in an orderly manner, and pursue the appropriate remedies against Nesheiwet and the Landlord.

8.  The Debtor hopes to retain the Premises and emerge from Chapter 11.

9.  Other than Porpora, the Debtor's creditors include Wacchovia and several trade creditors.

11. This case was not originally commenced as a Chapter 7 proceeding.

12. During the next 30 days, I estimate that gross receipts will be approximately $500,000.00.

13. Based upon the foregoing, it is submitted that the Debtor's needs and interests will be best served by its continued possession and management of its business as a debtor-in-possession under Chapter 11.

Dated: Thornwood, NY
March 24, 2015

Sammy M Jamal